

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER ON MOTIONS

Appellate case name:      Jeffery Dwayne Benoit v. Brenda Faye Benoit

Appellate case number:    01-15-00023-CV

Trial court case number:  E-140080-D

Trial court:              County Court at Law No. 2 of Orange County

On November 25, 2014, appellant filed his notice of appeal with the trial clerk from the final decree of divorce, signed by the trial court on October 30, 2014. On December 23, 2014, in the Ninth Court of Appeals, appellant filed a motion to stay, abate, vacate, or reform the trial court's December 15, 2014 post-notice of appeal order on motion for temporary orders pending appeal, issued under Texas Family Code § 6.709, which directed appellant to pay $5,000 in appellate attorney's fees to appellee by March 1, 2015. On January 8, 2015, this appeal was transferred from the Ninth Court to this Court pursuant to the Texas Supreme Court's docket equalization powers.[1]

On January 16, 2015, appellant filed an emergency motion to expedite this Court's hearing of his prior motion to stay, seeking to stay the appellate fee award pending the determination of his underlying appeal, and attached the trial court's December 15, 2014 order. The trial court's December 15, 2014 order, among other things, ordered appellant to pay appellee's counsel $5,000 in "attorney's fees and expenses, as additional temporary support," by March 1, 2015, and these attorney's fees were "not [to] be a credit against the post[-]divorce spousal support ordered under the Court's Decree of Divorce entered on October 30, 2014." Although appellant's motions do not include certificates of conference, they both contain certificates of service stating that they were

---

[1]      On December 15, 2014, the Texas Supreme Court ordered this appeal transferred from the Ninth Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2014); Order Regarding Transfer of Cases From Courts of Appeals, Misc. Docket No. 14-9246, ¶ V (Tex. Dec. 15, 2014). We are unaware of any conflict between the precedent of the Ninth Court and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

served on appellee's counsel and have been on file with the Court for more than ten days without any opposition filed. *See* TEX. R. APP. P. 10.1(a)(5), (b), 10.3(a).

"The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order." TEX. FAM. CODE ANN. § 6.709(b) (West Supp. 2014). We have previously held that "[a] trial court may not penalize a party for taking a successful appeal" and, thus, "[a]n unconditional award of an appellant's appellate attorney's fees is improper." *Keith v. Keith*, 221 S.W.3d 156, 171 (Tex. App.—Houston [1st Dist.] 2006, no pet.). "However, an unconditional award of appellate attorney's fees does not require reversal; instead, we may modify a trial court's judgment to make the award of appellate attorney's fees contingent upon the receiving party's success on appeal." *Id.* (citations omitted).

Here, because the trial court's order did not provide any conditions for the award of appellate fees, we grant appellant's emergency motion and motion to stay the temporary order with respect to the appellate fee award, pending determination of the underlying appeal. *See id.* Although we may modify the judgment to make it contingent upon appellant's unsuccessful appeal, the trial court's fee award was directed to be additional temporary spousal support not to be a credit to the October 30, 2014 final decree of divorce. Thus, appellant's alternative motion to abate, vacate, or reform the December 15, 2014 temporary order will be considered together with the merits of underlying appeal of the final divorce decree.

Accordingly, we **grant** appellant's emergency motion and motion to stay the trial court's December 15, 2014 temporary order with respect to the $5,000 award of appellate fees by March 1, 2015, until the underlying appeal of the final divorce decree in this Court is finally decided or the Court otherwise orders the stay lifted. *See* TEX. FAM. CODE ANN. § 6.709(b).

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
                        ☒ Acting individually    ☐ Acting for the Court

Date: February 5, 2015